**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARK WALLING,**

    Plaintiff,

  v.                                  Case No.: 8:08-cv-00054-EAK-TGW

**CITY OF LARGO, a municipal entity**
**ANTHONY CITRANO, in his individual capacity**
**CARL CARBAUGH, in his individual capacity**
**LANCE WAGONER, in his individual capacity**
**WILLIAM B. SCOTT, in his individual capacity**

    Defendants.
_____/

**ORDER ON DEFENDANTS', ANTHONY CITRANO, CARL CARBAUGH, LANCE WAGONER AND WILLIAM B. SCOTT, MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

This cause comes before the Court on a Motion to Dismiss filed by Defendants, Anthony Citrano, Carl Carbaugh, Lance Wagoner, and William B. Scott (Doc. 46), on May 7, 2008, and response thereto. Doc. 57. For the reasons set forth below, the Defendants' Motion to Dismiss is **DENIED**. The following facts, as set out in complaint, are taken as true for the purpose of resolving the pending motion.

1

## BACKGROUND and PROCEDURAL HISTORY

On January 18, 2004, June Parsons woke up to her boyfriend, Mark Walling ("Walling") making a gurgling sound. Doc. 1 at 4. Parsons called "911" and reported that Walling was having a heart attack. *Id.* at 5. When the paramedics arrived, Parsons directed them to Walling and described what she had seen. *Id.* Defendants Scott and Benjamin initiated emergency medical services, and then placed an oxygen mask on the Plaintiff. *Id.* The Plaintiff tried to take the mask off, but Defendants Scott and Benjamin put the mask back on. *Id.* Plaintiff then took out the IV that had been administered to him by Defendants Scott and Benjamin. *Id.* Plaintiff alleges that Defendants Scott, Benjamin, McComas and John Doe #1 tried to physically restrain Walling to the bed. *Id.* at 6. Defendant Scott then, radioed for police officers to assist in restraining the Plaintiff. *Id.* Defendants Carbaugh, Wagoner, and Citrano were then dispatched to the residence. *Id.* Even though he was briefed on the fact that Walling had suffered a seizure, Defendant Citrano ordered Walling to stop moving. *Id.* Defendant Scott said that Walling had bitten him during the "struggle" to restrain the Plaintiff, however, Citrano observed no visible signs of injury to Scott. *Id.* Everyone present was aware that Walling had suffered a seizure, and that he appeared confused and incoherent. *Id.* He was however, breathing and conscious. Doc. 44 at 6. Defendant Citrano questioned Ms. Parsons, insisting that the Plaintiff had to be on something similar to "PCP." Doc. 1 at 6.

Walling alleges he was forcefully restrained and that Defendant Citrano used his knee to+ pin Walling to the ground, while Wagoner forced Walling's arm behind his back. *Id.* Walling also alleges that he was handcuffed to a backboard, and that this caused permanent damage to his back, neck, and wrists. *Id.* at 7. Walling says he was restrained against his will without consent by the Defendants. *Id.* Walling was transported and admitted to the Largo Medical Center while still in restraints. *Id.*

Walling brought his complaint on January 11, 2008, alleging Federal Constitutional violations of his 4th and 14th amendment rights. *Id.* at 8. He filed eight counts against the Defendants. Doc. 1. Plaintiff was originally seeking compensatory damages for violation of the constitutional rights of Plaintiff, under the Fourth and Fourteenth Amendments of the United States Constitution, and action for compensatory damages and injunctive relief for violations of Civil Rights Act, 42 U.S.C. § 1983. *Id.*

Defendant, City of Largo filed a Motion Dismiss on February 5, 2008. Doc. 10. Plaintiff filed an Amended Complaint on April 28, 2008, which mooted the Motion to Dismiss. Doc. 44. Defendants Citrano, Carbaugh, Wagoner, and Scott then filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment on May 7, 2008. Doc. 46. Plaintiff filed his Response to Motion to Dismiss (Doc. 46) on May 16, 2008. Doc. 57.

**STANDARD OF REVIEW- MOTION TO DISMISS**

The standard of review for a Motion to Dismiss is discussed in *Rosy Blue, NV v. Davis*, 2007 WL 1247154 (M.D. Fla. April 30, 2007). In *Rosy Blue*, this District established that in ruling on a motion to dismiss, the court must view the complaint in the light most favorable to the Plaintiff. *Bell Atlantic* elaborates, stating that the Plaintiff must plead enough facts to raise a

reasonable expectation that discovery will reveal evidence of illegal conduct. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). Thus, the complaint must contain enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic* 127 S.Ct. at 1974. A well-pleaded complaint may proceed even if it strikes an informed judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Bell Atlantic* 127 S.Ct. at 1965. A complaint must contain, however, either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *Travelers Indemnity Ins. Co. v. Royal Oak Enterprises, Inc*. 429 F. Supp. 2d 1265, 1270 (M.D. Fla. 2004). Also, regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. *Constantino v. Madden*, 16 Fla. L. Weekly Fed. D321 (M.D. Fla. 2003).

## DISCUSSION

A. Qualified Immunity

Defendants argue that public officials that are sued in their individual capacity may raise a defense of qualified immunity. Doc. 46 at 6. Given the qualified immunity defense, government officials are protected from suit, unless their behavior violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *Lee v. Ferraro* establishes that the purpose of this immunity is to allow government officials to carry out their discretionary functions without fear of litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating federal law. *Lee v. Ferraro*, 284 F.3d 118, 199 (11th Cir. 2002).

The Eleventh Circuit has established that to demonstrate that he or she is entitled to qualified immunity, a government official must prove that he or she was acting within his or her discretionary authority. *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). Government officials are said to be acting within this authority when they engage in a legitimate job-related function in an authorized manner. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1256 (11th Cir. 2004). Defendants assert that their actions were within the limits of their employment description and their discretionary authority. This Court finds that the individual defendants do a sufficient job asserting that they were acting within the scope of their individual discretionary authorities as the paramedics and police officers that were sent to the Plaintiff's house in order to administer medical treatment and whatever resulted therefrom.

Plaintiff argues that there is no evidence in the record with which to determine how a reasonable jury would rule. According to *Holloman ex rel. Holloman v. Harland*, once the defendant establishes that he or she was acting within the scope of discretionary authority, the burden then shifts to the Plaintiff to establish that a reasonable jury could interpret the evidence in the record in a way which shows that the defendant violated a constitutional right. *Holloman,* 370 F.3d at 1266. This Court finds that in relation to the qualified immunity of the defendants, the Plaintiff does not show how the defendants violated his constitutional rights. However, there is not enough evidence in the record to completely rule out the possibility that a jury may find that Plaintiff's constitutional rights were violated. Thus, this Court will proceed with analyzing Counts I and II of the Amended Complaint.

B. Fourth Amendment Analysis

Defendants argue that Fourth Amendment claims are only valid when government actors have, by means of physical force or show of authority, restrained in some way the liberty of a citizen. *Davidson v. City of Jacksonville* established that the Fourth Amendment is inapplicable where there is a lack of refusal of the part of the Plaintiff. *Davidson v. City of Jacksonville*, 359 F. Supp. 2d 1291, 1259 (M.D. Fla. 2005). According to the Amended Complaint, the Plaintiff was "restrained against his will without consent." Doc. 44 at 7. The Amended Complaint further asserts that the Plaintiff was incoherent and confused at the time of the incident. *Id.* at 6.

Plaintiff argues that under the Fourth Amendment claims, the issue is not implied consent or lack of consent, but rather the use of excessive force. The Plaintiff also argues that when he screamed out that the officers were hurting him, Defendant Citrano threatened, "if you move your arm again, I'll break it." Doc. 57 at 12.

This Court finds again, that the Plaintiff lacks specificity as to the claims he is making regarding which constitutional rights have been violated.


C. Fourteenth Amendment Analysis

Defendants assert that the facts alleged by Plaintiff under Count II fall short of the requisite threshold for establishing a Fourteenth Amendment violation. Doc. 46 at 12. "A citizen's due process rights can be violated when a government official's actions are 'arbitrary or conscious shocking in a constitutional sense'." *Davidson,* 359 F.Supp.2d at 1295 (citing *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1305 (11th Cir. 2003). However, the Supreme Court has gone as far as to say that even "deliberate indifference" is not enough to

constitute a Fourteenth Amendment violation in situations where government actors act "in haste, under pressure, and frequently without the luxury of a second chance." *County of Sacramento v. Lewis*, 523 U.S. 833, 853, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (citing *Whitley v. Albers,* 475 U.S., at 320, 106 S.Ct. at 1084).

Defendants allege that the Plaintiff does not establish that the force applied to the Plaintiff was with "a purpose to cause harm." Doc. 46 at 12. Plaintiff's response to the argument was just that Walling was worthy of compassion and not a violent response, considering the condition he was in at the time of the incident. Doc. 57 at 12. Plaintiff argues that Defendants' behavior was shocking to the conscious. *Id.* at 13.

    D. <u>Section 1983 Heightened Pleading Standard</u>

Defendants argue that the Eleventh Circuit has upheld a heightened pleading standard for Section 1983 claims brought against individual defendants. Doc. 46 at 13. The Eleventh Circuit applies a heightened pleading standard in complaints alleging Section 1983 claims against entities who may raise a qualified immunity as a defense. *Weissman v. National Ass'n of Securities Dealers, Inc.*, 500 F.3d 1293, 1309, n6 (11th Cir. 2007) (citing *Swann v. Health Partners, Inc.,* 388 F.3d 834, 837 (11th Cir. 2004). Defendants allege that Plaintiff does not meet the pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See* FED. R. CIV. P. 8(a). Doc. 46 at 14. Defendants argue that the Plaintiff alleges just "labels and conclusions" and that his complaint does not include "factual allegations adequate to raise a right to relief above the speculative level." *Weissman*, 500 F.3d at 1310 (citing *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)).

Plaintiff alleges that *Bell Atlantic* raises a clear question of the Eleventh Circuit's position with regard to heightened pleading standards and that this question has not been addressed by the Eleventh Circuit subsequent to the *Bell Atlantic* ruling.  Doc. 57 at 5-6. Plaintiff relies primarily on Federal Rule of Civil Procedure 12(b)(6) as support for his argument that he has plead sufficient facts to state a claim.  *See* FED. R. CIV. P. 12(b)(6).  Doc. 50 at 5. Plaintiff also notes that the Defendants arguments regarding heightened pleading standards that rely on *Weismann* are upheld by the dissenting opinion from that case.

This Court finds that it is not *clear* that the Eleventh Circuit has upheld a heightened pleading requirement for Section 1983 claims.  Thus, this Court finds a heightened pleading standard an improper lense through which to analyze the First Amended Complaint.

## **CONCLUSION**

A.  Qualified Immunity

This Court finds that the Defendants correctly assert that they were acting within the limits of their employment descriptions.  Thus, the burden falls to the Plaintiff to establish that a reasonable jury could interpret the evidence in a way which shows that the defendant violated a constitutional right.  The Plaintiff alleges enough facts against the defendant that a reasonable jury *could* interpret the evidence in the Plaintiff's favor.  The fact that a reasonable jury could possibly interpret the current evidence on the record as a violation of Plaintiff's Constitutional rights provides for this Court to proceed with analyzing Counts I and II of the Amended Complaint.

B.  Fourth Amendment

In regard to the Plaintiff's Fourth Amendment claim, the Plaintiff lacks specificity as to which of his constitutional rights the defendants violated.  However, according to the standard of review that is proper for Motion to Dismiss and, in light of viewing the First Amended Complaint in the light most favorable to the Plaintiff, this Court finds that while actual proof of the current Fourth Amendment claims seems improbable, the complaint may proceed.  *Bell Atlantic* 127 S.Ct. at 1965.  All that is required under a Motion to Dismiss Standard of Review is that the Complaint contain either direct of inferential allegations respecting all the material elements necessary to sustain a recovery under some legally viable theory.  *Travelers*, 429 F. Supp. 2d at 1270.  The material elements to sustain recovery under a  1983 excessive use of force claim are: "(1) the need for the application of force; (2) the relationship between that need and the amount of force that was used; (3) the extent of the injury inflicted; and (4) [w]hether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm."  *Graham v. Connor*, 490 U.S. 386, 390 (1989).

The Plaintiff addresses each of these elements in his First Amended Complaint.  The need for the application of force was explained when the Plaintiff addressed why the paramedics and police officers were called to the house in the first place – to restrain Walling enough to be able to administer medical attention.  Doc. 44 at 5.  Plaintiff addresses the relationship between the need and the amount of force by explaining that the Plaintiff was struggling, however his actions, such as biting Defendant Scott did not cause any visible injury.  *Id.* at 6.  The Plaintiff suggests that the amount of force used exceeded the amount of force needed by explaining that

9

he was already on the ground when Defendant Citrano pushed his knee into Walling's back. *Id.* Plaintiff asserts his injuries sustained from the force include permanent injury to his neck, back, and wrists, herniated discs in his back, headaches and pain in his arms. *Id.* at 9. Lastly, the Plaintiff alleges that the force used in restraining him was not in good faith but that it "violated clearly established law of which a reasonable officer or emergency responder should have known." *Id.*

Thus, even though this Court has previously stated that the Plaintiff does lack some degree of specificity in his claims, this Court cannot say that he does not allege all of the material elements of a Fourth Amendment excessive force claim. Therefore, Count I is not dismissed.

C. Fourteenth Amendment

This Court refers to the Supreme Court ruling that in order to prevail on a due process claim, Plaintiff must show a purpose to cause harm. *County of Sacramento v. Lewis*, 523 U.S. 833, 834 (1998). Only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct that is shocking to the conscience and necessary for a due process violation. *Id.* The standard for demonstrating this purpose to cause harm is quite high considering that conduct which is grossly negligence, reckless, or deliberately indifference is not enough to constitution a constitutional violation. *County of Sacramento*, 523 U.S. at 854.

While Plaintiff does not allege directly with specific facts the Defendants' purpose to cause harm, Plaintiff alleges it inferentially by stating that Defendants Benjamin, Scott and McComas created a danger for Walling and then failed to protect or rescue him from that danger.

10

Doc. 44 at 10. Plaintiff alleges that Defendants Carbaugh, Citrano, and Wagoner were deliberately indifferent to the risk of harm to Plaintiff that was created by the use of excessive force. *Id.* Then Plaintiff states that the Defendant Officers' conduct reflects a belief that Walling deserved rough treatment. *Id.* Thus this Court finds that Plaintiff has inferentially alleged that there was a purpose to cause harm on the part of the Defendants. Count II is not dismissed.

      D. <u>Heightened Pleading Requirement</u>

It is not *clear* that the Eleventh Circuit has upheld a heightened pleading requirement for 1983 claims. Thus, this Court finds a heightened pleading standard an improper lense through which to analyze the First Amended Complaint. Defendants' argument that Plaintiff's First Amended Complaint does not meet a heightened pleading requirement does not affect this Court's decision not to dismiss Counts I and II of the First Amended Complaint.

## **STANDARD OF REVIEW- SUMMARY JUDGMENT**

Summary Judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A court must draw all justifiable inferences in favor of the nonmoving party, but the nonmoving party cannot rely in "mere belief of conjecture, or the allegations and denials contained in his pleadings." *Celotex*, 477 U.S. at 324. Mere conclusory, uncorroborated allegations or assertions by a plaintiff in an affidavit do not create an issue of material fact sufficient to defeat a well supported summary judgment motion by a defendant. *See Earley v.*

*Champion Intern. Corp.,* 907 F.2d 1077, 1081 (11th Cir. 1990); *Mauter v. Hardy Corp.*, 825 F.2d 1554, 1558 (11th Cir. 1987).

Regarding the Defendants' request for Motion to Dismiss, or in the alternative a Motion for Summary Judgment, this Court finds that the Plaintiff has alleged directly of inferentially all of the elements of the claims set forth in the First Amended Complaint.  The Court has not considered an outside material and has not allowed the motion to be turned into a Motion for Summary Judgment.  The Court has based the ruling on the facts found in the four corners of the Complaint and finds them adequate to survive a Motion to Dismiss.  A Motion for Summary Judgment may be filed as appropriate and an opportunity for the Plaintiff to respond to it as a Motion for Summary Judgment.  Accordingly, it is

**ORDERED** that Defendants', Anthony Citrano, Carl Carbaugh, Lance Wagoner and William B. Scott, Motion to Dismiss is **DENIED**.  The Court finds the Motion for Summary Judgment premature and it was not considered at this juncture.  The Defendants have ten (10) days to answer the Complaint.

**DONE** and **ORDERED** in Chambers at Tampa, Florida on this 16th day of July, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Cc: All Parties and Counsel of Record