## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARK WALLING,
      Plaintiff,

vs.                        CASE NO. 8:08-CV-00054-T-17-TGW

CITY OF LARGO, a municipal entity,
ANTHONY CITRANO, in his individual capacity
CARL CARBAUGH, in his individual capacity
LANCE WAGONER, in his individual capacity and
WILLIAM B. SCOTT, in his individual capacity,
      Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

This cause comes before the Court on Plaintiff, Mark Walling's, Motion for

Reconsideration of Order (Doc. 68) Dismissing Count of Amended Complaint filed on July 19,

2008, and Defendants' response thereto (Doc. 72).  For the reasons set forth below, the

Plaintiff's motion is **DENIED.**

     **I.**  BACKGROUND[1]

A factual account of this matter is detailed in this Court's Order denying Plaintiff's

Motion to Dismiss.  Those facts are re-adopted and accepted as true for the purpose of resolving

this pending motion.  For the benefit of the reader, pertinent facts are summarized as follows:

On January 18, 2004, the Defendants responded to a 911 call placed by Plaintiff's

girlfriend at her mother's mobile home.  Upon arrival, Defendants initiated medical services and

---

[1] The following facts are taken from the Plaintiff's Complaint for Damages (Doc. 1) in this cause
and are accepted as true only for the purposes of resolving the pending motion.

placed an oxygen mask on the Plaintiff.  The Plaintiff was uncooperative in that he took off the

oxygen mask and removed the IV that had been administered to him.  The Plaintiff alleges that

the Defendants tried to physically restrain him.  The Plaintiff further alleges that he was pinned

to the ground and that his arm was forced behind his back.  The Plaintiff was transported and

admitted to the Largo Medical Center while still in restraints.

The Plaintiff brought his Complaint on January 11, 2008, alleging Federal Constitutional

violations of his 4th and 14th Amendment rights.  The Defendant filed a Motion to Dismiss on

February 5, 2008 (Doc. 10).  Plaintiff filed an Amended Complaint on April 28, 2008, which

mooted the previously filed Motion to Dismiss (Doc. 44).  Thereafter, Defendants filed their

Motion to Dismiss Amended Complaint on May 8, 2008 (Doc. 50).  Plaintiff filed his Response

to Motion to Dismiss on May 24, 2008 (Doc. 64).

## II.  STANDARD OF REVIEW

The decision to grant a Motion for Reconsideration is within the sound discretion of the

trial court and will only be granted to correct an abuse of discretion.  *Region 8 Forest Serv.*

*Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).  In fact, there are three

bases for reconsidering an order: "(1) an intervening change in controlling law; (2) availability

of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman*

*v. Salem, Saxon, & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. 1994).  See also: *Lamar Adver. of*

*Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a Motion for Reconsideration does not provide an opportunity to simply re-

argue, or argue for the first time, an issue the Court has once determined.  Court opinions are

2

"not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill 1988).  The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Ludwig v. Liberty Mutual Fire Ins. Co.*, 2005 WL 1053691 (citing *Lamar,* 189 F.R.D. at 489 (M.D. Fla. 1999)).

### III.  DISCUSSION

The Plaintiff seeks reconsideration only of Count III of the Complaint, and, therefore, this Court will not address Counts I, II, IV, V, VI, VII, or VIII of the Complaint.  (Doc. 69). Count III of the First Amended Complaint alleges that the City of Largo failed to train its employees in how to "restrain, arrest, protect, monitor or medically treat individuals in their control suffering from epilepsy, debilitating medical conditions, agitation, mental confusion and/or the effects of epilepsy, or to avoid subduing them without excessive force." (Doc. 44).

In the alternative to reconsideration, the Plaintiff asks for leave to amend, however, this motion is **DENIED** because the Plaintiff already filed an amended complaint and he failed to state a cause of action upon which relief would be granted.  Further leave to amend would be futile.

Additionally, the Plaintiff argues in his Motion for Reconsideration that the City of Largo is not protected by qualified immunity.  However, motions for reconsideration are not to be used to "raise arguments which could and should have been made earlier." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990).

As previously stated, there are only three instances in which a court will reconsider an order: "(1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon, & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. 1994).  See also: *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

A.      Intervening Change in Controlling Law

At this time, there has been no change in the controlling law in this jurisdiction.  Neither Plaintiff nor Defendant alleges that there has been.  Therefore, this basis for which a court will reconsider is not present in this case.

B.  **Availability of New Evidence**

The Plaintiff contends that there are facts alleged in Count III which this Court's Order may have failed to consider.  (Doc. 69).  However, these facts were already brought to this Court's attention in the Plaintiff's Amended Complaint (Doc. 44), and therefore they have been considered by this Court.  With regards to the events on January 18, 2004, neither the Defendant nor the Plaintiff contends that there is new evidence.  Therefore, this basis for which a court will reconsider is not present in this case.  This Plaintiff has already presented the facts upon which this Court is to form an opinion, and this Court has already determined that the Plaintiff has failed to state a cause of action against the City of Largo. There is no new evidence upon which the Plaintiff may state a claim.

**C.   The Need to Correct Clear Error or Prevent Manifest Injustice**

This Court has determined that the Plaintiff failed to establish a causal relationship between his damages and the allegations.  It is the finding of this Court that the Plaintiff has failed to establish the specific ways in which the Defendant violated any established laws. Viewing the facts in a light most favorable to the Plaintiff, Count III doest not establish a constitutional violation.  Count III makes allegations, however, it neither establishes any constitutional rights, nor specifies any ways in which the rights may have been violated.

Plaintiff argues that pursuant to this Court's decision in *Hung Phan v. City of St. Petersburg*, 2007 WL 1225380 (M.D. Fla. 2007), he is entitled to omit the necessary elements of a causal link between the City's policies and the alleged constitutional violation until after discovery has taken place.  However, this is not applicable to this case because in *Hung Phan* a clear constitutional violation was articulated.  Here, there is no evidence whatsoever that there has been any constitutional violation.  Moreover, the Fourth Amendment prohibits unreasonable searches and seizures.  Here, there is no allegation of an improper search, and there is no evidence that the paramedics acted unreasonably in the circumstances considering that the Plaintiff was suffering from a seizure.

This Court has already dismissed Count III with prejudice, and that is no error.  Further, it is not manifestly unjust for a court to dismiss a claim that is supported by no facts.  Therefore, this basis for which a court will reconsider is not present in this case.

5

## IV.        CONCLUSION

Because the Plaintiff cannot reform his pleadings to state a cause of action against the City of Largo in this matter, this Court has properly dismissed Count III with prejudice.  There has been no error of the Court, nor is there new evidence, nor a change in the controlling law. This Court has thoroughly reviewed all documents submitted for consideration on this matter, and for the reasons set forth above, it is

**ORDERED** that the Plaintiff's Motion for Reconsideration of Order (Doc 68) Dismissing Count of Amended Complaint is **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this  18th day of November, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.